IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TOBY BROHLIN et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:22-CV-158-Z-BR |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION TO APPOINT UMPIRE IN APPRAISAL
PROCEEDING, ORDER STAYING CASE, AND ORDER TO FILE JOINT
ADVISORIES**

## I.  BACKGROUND

Before the Court is Toby and Christina Brohlin and Cadillac Creek Outfitters, LLC's ("Plaintiffs") Motion to Appoint an Umpire and Request for Abatement. (ECF 12). By their Motion, Plaintiffs seek an order from the Court appointing Walter Viermann as umpire to resolve the difference in damage estimates between the parties' appraisers. (*Id*. at 1). They also seek an abatement of this case pending the completion of the umpire-led appraisal process. (*Id.*).

Meridian Security Insurance Company ("Defendant") agrees to Viermann as the proposed umpire but opposes the request for abatement, (ECF 14 at 2), arguing that appraisal is unlikely to resolve the entire case. (*Id.* at 4). Plaintiffs filed a Reply. (ECF 15).

Having considered the filings, as well as the relevant law, and for the reasons stated below, Plaintiffs' Motion, (ECF 12), is GRANTED.

## II.  HOLDING

Defendant offers a number of cases from the Texas Supreme Court and this district opposing abatement of the case. (ECF 14 at 2–3). Defendant is correct that neither Texas nor

federal law requires abatement of insurance cases pending the completion of umpire-led appraisal. Indeed, in multiple cases, the Texas Supreme Court has held that cases need not be abated when sent to appraisal and the appraisal process does not divest the Court of jurisdiction. *See, e.g., In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002); *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 412 n.5 (Tex. 2011); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 (Tex. 2009).

It is clear from the caselaw, even that cited by Defendant, that abatement is a discretionary act by courts. For example, *In re Allstate* holds that the court "need not" abate a case while "appraisal goes forward." *In re Allstate*, 85 S.W.3d at 196. With that permissive language in mind, it has long been the practice of this division to abate and administratively close cases when they are sent to appraisal. Defendant has offered no reason, nor applicable authority, to deviate from that practice now. The Court has broad authority to manage its docket and finds that administrative closure is appropriate here. *U.S. v. Colomb*, 419 F.3d 292, 300 (5th Cir. 2005) ("District courts have wide-ranging control over the management of their dockets...").

Accordingly, the Court will appoint the agreed-upon umpire to manage the appraisal proceeding involving Plaintiff's insurance claims with Defendant:

Walter Viermann
45 Quay Ln.
Canyon, TX 79107
(806) 674-7618
wviermann@gmail.com

### III.     FUNCTION OF THE UMPIRE AND APPOINTMENT

Neither the appraisers nor the umpire shall have authority to decide questions of law. Further, neither the appraisers nor the umpire shall attempt to resolve any issue of insurance coverage, policy exclusions, compliance with the policy terms and conditions, or any issue

concerning the limits of insurance available under the policy.

The function of the umpire will be to conduct his own investigation into the loss, exercise independent judgment, review the supporting information and documentation, and consider the information and opinions provided by the party-appointed appraisers. If, in performing his duties as an umpire, the umpire wishes to inspect the subject premises, the parties are hereby directed to cooperate with him concerning such an inspection.

The umpire has a responsibility not only to the parties, but also to the process of appraisal itself. As such, he must observe high standards of conduct, so the integrity and fairness of the process will be preserved. Accordingly, the umpire should recognize a responsibility to the parties whose rights will be decided, and to all other participants in the proceeding. Ultimately, the umpire will, after careful deliberation, decide the amount of loss. The umpire should decide all matters justly, exercising independent judgment, and should not permit outside pressure to affect the decision.

The umpire is ordered to deliver his written decision as to the amount of loss to the party-appointed appraisers. The umpire shall also submit to the party-appointed appraisers his statement for services as umpire, which are to be shared equally by the parties. The parties are to remit payment to the umpire within thirty (30) days of the submission of his statement.

## IV.    <u>ORDER STAYING CASE AND ORDER TO FILE JOINT ADVISORIES</u>

This case will be stayed and administratively closed during the appraisal process so that this case does not continue to age. "Any case over three years old is considered an 'old' case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed or abated; but, if it is administratively closed, the time is tolled with the case's age." *Bank of New York Mellon as Tr. for CWABS, Inc. Asset-Backed Certificates, Series 2003-1*

*v. Bolton*, No. 3:19-CV-204-BN, 2021 WL 913314, at *1 (N.D. Tex. Mar. 10, 2021). **The Clerk of Court is instructed to administratively close the case**. Nothing in this order shall be considered a dismissal or disposition of this case.

In accordance with the administrative closure of this case, Defendant's Motion to Deny Plaintiffs' Claim for Attorney's Fees, (ECF 11), is DENIED AS MOOT. Defendant may offer the Motion again following the conclusion of the appraisal process, but it will bear the responsibility of raising the issue. Nothing in this Order should be taken to prejudice such a re-filing.

The parties are ORDERED to file a joint advisory **every four (4) months** from the date of this order (*i.e.*, on or before February 17, 2023; on or before June 19, 2023; on or before October 17, 2023, etc.), providing the Court with an update as to the status of the appraisal process. The filing of these joint advisories shall not violate or lift the stay of case.

The parties are ORDERED to notify the Court within **twenty-one (21) days** of when the umpire issues a decision in this case. The parties shall file a joint advisory and specifically state whether the Court should lift the stay of case and administratively reopen the case, so that litigation may continue, or whether all of the issues were resolved through the appraisal process.

IT IS SO ORDERED.

ENTERED October 17, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE