IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TOBY BROHLIN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:22-CV-158-Z-BR |
| | § | |
| MERIDIAN SECURITY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DENY PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES

Before the Court is Meridian Insurance Company's Motion to Deny Plaintiffs' Claim for Attorney's Fees[1] under § 542A.007 of the Texas Insurance Code. (ECF 28). After considering the Motion, response, reply, and applicable law, the Motion is GRANTED.[2]

Interpretations of Chapter 542A of the Texas Insurance Code and specifically § 542A.007 are still being developed. Nevertheless, it is clear that: (1) the Brohlins failed to provide presuit notice; (2) Meridian timely pleaded and proved it was entitled to presuit notice in its Original Answer; and (3) because the Brohlins failed to give Meridian presuit notice, they cannot recover their attorney's fees.

---

[1] *See Estate of Terry Gentry v. Hamilton-Ryker IT Sols.*, 2023 WL 5018432, at *1 n.2 (S.D. Tex. Aug. 7, 2023) (Edison, J.) (In discussing the confusion about how to manage apostrophes and plurals when referring to the fees awarded to attorneys, Judge Edison concluded his 700-word footnote with the following: "I will use 'attorney's fees' to refer to fees sought by one lawyer and 'attorneys' fees' to refer to fees sought by more than one lawyer. I will eschew entirely 'attorney fees' and 'attorneys fees.' Now, back to the show.").

[2] Other judges in the district have also granted motions to deny attorney's fees in similar circumstances. *See M Central Residences Condominium Association Inc. v. Technology Insurance Company, Inc.*, 2023 WL 4089388, at *1, n. 1 (N.D. Texas Jun. 20, 2023) (Fitzwater, J.); *Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *1 (N.D. Tex. Feb. 28, 2022) (Brown, J.).

## I.    BACKGROUND

This is a first-party insurance coverage action brought by Toby and Christina Brohlin, and Cadillac Creek Outfitters, LLC, collectively the Brohlins, the insureds, against Meridian, the insurer, which Meridian removed to federal court based on diversity of citizenship jurisdiction. (ECF 1). The Brohlins filed suit in Potter County, Texas on July 19, 2022. (ECF 1-1). On August 19, 2022, Meridian filed its Original Answer and Notice of Removal. (ECF 1-2; ECF 1). In its Original Answer, Meridian pleaded and proved that the Brohlins failed to provide the required presuit notice pursuant to § 542A.003 of the Texas Insurance Code. (ECF 1-2 at 1–2); Tex. Ins. Code § 542A.003. And Meridian further pleaded that, as a result of the Brohlins not providing presuit notice, the Brohlins are precluded from recovering their attorney's fees. (ECF 1-2 at 1–2).

On September 19, 2022, Meridian initially filed its Motion to Deny Plaintiffs' Claim for Attorney's Fees based on the Brohlins failure to comply with the presuit notice requirement in Chapter 542A of the Texas Insurance Code. (ECF 11). Subsequently, on October 17, 2022, the case was abated, and Meridian's attorney's fees motion was denied as moot without prejudice for refiling. (ECF 16). Approximately eight (8) months later, on June 21, 2023, the case was reopened.

On August 21, 2023, Meridian refiled its Renewed Motion to Deny Plaintiffs' Claim for Attorney's Fees—again asserting that the Brohlins should be precluded from recovering their attorney's fees for failure to give presuit notice. (ECF 28). The Brohlins filed their Response opposing the Motion on September 11, 2023. (ECF 31). Meridian subsequently filed its Reply. (ECF 34).

## II.     APPLICABLE LAW

The parties do not present any *Erie*-related arguments in their briefing regarding whether the relevant state law provisions are substantive or procedural. But, as a threshold matter, the relevant state law provisions at issue from the Texas Insurance Code have been construed as substantive by other judges in the district, and thus applicable in cases like this one that was removed based on diversity of citizenship.[3]

Chapter 542A of the Texas Insurance Code applies "to any first party claim 'made by an insured under an insurance policy providing coverage for real property' that 'arises from damage to or loss of covered property' caused by hail, wind, or a rainstorm." *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, 2022 WL 17501024, at *5 (E.D. Tex. Dec. 6, 2022) (quoting Tex. Ins. Code § 542A.001(2)). Chapter 542A applies to this case and has applied to this case since its inception on July 19, 2022. (ECF 1-1).

In its Attorney's Fees Motion, Meridian moves to deny the Brohlins' claim for attorney's fees, contending that the Brohlins failed to provide Meridian with presuit notice pursuant to § 542A.003 of the Texas Insurance Code. (ECF 22); Tex. Ins. Code § 542A.003. Section 542A.003 requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." Tex. Ins. Code § 542A.003. The notice must include:

(1) a statement of the acts or omissions giving rise to the claim;

---

[3] *See*, *e.g.*, *Carrizales v. State Farm Lloyds*, 2018 WL 1697584 (N.D. Tex. Apr. 6, 2018) (Ramirez, J.); *M Central Residences Condominium Ass'n Inc. v. Technology Ins. Co., Inc.*, 2023 WL 4089388, at *2 (N.D. Texas Jun. 20, 2023) (Fitzwater, J.); *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022) (Ray, J.); *Gateway Plaza Condo v. The Travelers Indem. Co. of Am.*, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (Scholer, J.); *Tadeo v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. Jul. 27, 2020) (Fish, J.).

>   (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>   (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

*Id.* § 542A.003(b). Chapter 542A applies to lawsuits against an insurer or agent, including:

>   (1) an action alleging breach of contract;
>   (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty, or
>   (3) an action brought under:
>       (A) Subchapter D, Chapter 541;
>       (B) Subchapter B, Chapter 542; or
>       (C) Subchapter E, Chapter 17, Business & Commerce Code.

*Id.* § 542A.002(a). The presuit notice requirement contained in Chapter 542A "serves to 'discourage litigation and encourage settlements of consumer complaints' by assuring defendant-insurers have time to assess the situation and make a settlement offer." *Jordan Indus., LLC*, 2022 WL 2719630, at *2 (citing *Carrizales*, 2018 WL 1697584, at *4); *see also Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992).

If a claimant brings a suit to which Chapter 542A applies, and fails to provide the proper presuit notice, the opposing party has two options. First, the opposing party can file a plea in abatement, and "[t]he court shall abate the action if the court finds that the person filing the plea in abatement … did not, for any reason, receive a presuit notice complying with Section 542A.003." Tex. Ins. Code § 542A.005(b). Or, second,

>   [i]f a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court which the action is pending.

*Id.* § 542A.007(d). If a claimant fails to provide the required presuit notice to the defendant-insurer, "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.* In other words, the claimant is precluded from receiving its attorney's fees after the date in which the defendant-insurer pleads and proves it did not receive the required presuit notice. *See id.*

Finally, the Court notes the two enumerated exceptions to the presuit notice requirement. "A presuit notice under [Tex. Ins. Code § 542A.003(a)] is not required if giving notice is impracticable because: (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or (2) the action is asserted as a counterclaim." *Id.* § 542A.003(d).

### III.   ANALYSIS

The parties do not dispute that the Texas Insurance Code applies to this case. Likewise, the Brohlins offer no evidence, and make no argument, that they provided the presuit notice required pursuant to § 542A.003(a). *See* Tex. Ins. Code § 542A.003(a). Finally, the Brohlins make no argument that Meridian failed to timely assert its defense that the Brohlins failed to give presuit notice—precluding the Brohlins from recovering their attorney's fees. (*See* ECF 1-2).

The only arguments the Brohlins make that they should not be precluded from recovering their attorney's fees pertain to events that occurred *after* the Original Petition was filed in state court. (*See* ECF 31; ECF 1-1). Specifically, the Brohlins argue that the appraisal process and abatement should be part of the Court's consideration. (*See* ECF 31). Unfortunately, pursuant to Chapter 542A of the Texas Insurance, nothing that happens after a suit implicating Chapter 542A is filed is relevant to the Court's inquiry on whether a claimant can recover attorney's fees for failure to give presuit notice.

A. **The Brohlins were required to provide presuit notice before filing this suit; they did not.**

The Brohlins Original Petition implicated the presuit notice requirement contained in Chapter 542A of the Texas Insurance Code. (ECF 1-1); *see* Tex. Ins. Code § 542A.002(a). The Brohlins did not provide presuit notice. Accordingly, the Brohlins are precluded from recovering their attorney's fees after Meridian filed its Original Answer on August 19, 2022. (*See* ECF 1-2); *see also* Tex. Ins. Code § 542A.007(d).

Specifically, the Brohlins' Original Petition in state court asserted claims for breach of contract, violations of Chapter 541 of the Texas Insurance Code, and bad faith. (ECF 1-1 at 4–5). Each of these causes of action—alone—brought this suit within the purview of Chapter 542A. *See* Tex. Ins. Code §§ 542A.002(1) & (2); *see also Waco Hippodrome Inc. v. Cent. Mut. Ins. Co.*, 2022 U.S. Dist. LEXIS 224924 (W.D. Tex. Dec. 14, 2022) ("Chapter 542A generally applies to any claim against an insurer, including those for ***breach of contract***, fraud, ***breach of common law duty***, ***violations of Texas Insurance Code Chapters 541*** and 542, and violations of the Texas Deceptive Trade Practices Act.") (emphasis added). Therefore, the Brohlins were required to give presuit notice pursuant to § 542A.003 because Chapter 542A was implicated by the causes of action set forth in the Brohlins' Original Petition. The Brohlins did not give presuit notice, nor do they argue that they did.[4]

Lastly, the facts do not suggest, nor do the Brohlins assert, that they were unable to wait the full 61 days because of any limitations period concern.[5] *See* Tex. Ins. Code §

---

[4] In their Response, Plaintiffs only make policy arguments about why they should receive their attorney's fees. (ECF 31). Notably, the Brohlins do not argue that either of the enumerated exceptions to the presuit notice requirement contained in § 542A.003(d) apply to this case. *See* Tex. Ins. Code § 542A.003(d).

[5] The Brohlins do not make any argument regarding the statute of limitations exception, but the facts of this case do not implicate the exception contained in § 542A.003(d)(1) because a claim does not accrue until the insurer denies coverage. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (noting a claim under the Texas Insurance Code related to denial of coverage does not accrue until the insurer denies coverage). Here, the

542A.003(d)(1). Likewise, the Brohlins did not assert this claim as a counterclaim. *See id.* § 542A.003(d)(2). Neither of the two enumerated exceptions applies to the Brohlins' decision to file suit prematurely. Chapter 542A and the existing caselaw establish that to comply with the presuit notice requirement, the Brohlins were obligated to give Meridian presuit notice before filing this suit. And because they did not, the Brohlins are precluded from recovering their attorney's fees.

### B. Meridian timely asserted its presuit notice defense in its Original Answer.

Meridian pleaded and proved in its Original Answer that it did not receive presuit notice. (ECF 1-2 at 1–2). And Meridian further pleaded that, as a result, the Brohlins are precluded from recovering their attorney's fees. (*Id.*).

Specifically, in its Original Answer, Meridian pleaded that "[c]hapter 542A of the Texas Insurance Code applies to Plaintiffs' lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail damage." (*Id.* at 1). Meridian then cites to § 542A.003 and explains how the statute entitled it to presuit notice, which the Brohlins did not give. (*Id.* at 1–2). Lastly, Meridian points out that—pursuant to § 542A.007(d)—the Court may not award the Brohlins their attorney's fees incurred after the date of Meridian's Original Answer. (*Id.* at 2); *see* Tex. Ins. Code § 542A.007(d).

The Court finds that Meridian's pleadings in its Original Answer satisfy the requirements in § 542A.007(d). *See* Tex. Ins. Code § 542A.007(d). And this finding is consistent with federal courts in this district and other federal district courts in Texas.[6]

---

Brohlins filed suit approximately three (3) months after the date of loss. Therefore, there was ample time to provide presuit notice before the statute of limitations would have been an issue.

[6] *See e.g.*, *Newcrestimage Holdings, LLC, et al., v. The Travelers Lloyds Ins. Co.*, 2023 WL 6849999 (N.D. Tex. Oct. 17, 2023); *Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *2 (N.D. Tex. Feb. 28, 2022) (finding defendant-insurer's pleadings in its original answer to deny attorney fees in an action under Chapter 542A of the Texas Insurance Code complied with the requirements of § 542A.007(d)); *Ansah v. Nationwide Prop. and Cas. Ins.*

**C. Section 542A.007(d) conditions attorney's fees solely on presuit notice.**

Section 542A.007(d) provides that a claimant cannot recover its attorney's fees if it does not give presuit notice and the defendant-insurer pleads and proves it was entitled to, but did not receive, presuit notice. *See* Tex. Ins. Code § 542A.007(d). Chapter 542A's presuit notice requirement can only be excused if one of the two enumerated exceptions applies. *See* Tex. Ins. Code § 542A.003(d)(1) & (2). And as noted above, the two enumerated exceptions are not applicable here. *Id.*

The plain text of Chapter 542A forecloses the Brohlins' arguments regarding abatement and equity. *See Tarantino Props. Co. v. Coomer. Ins. Grp.*, 2019 U.S. Dist. LEXIS 74922 (S.D. Tex. May 3, 2019). In *Tarantino*, the plaintiff made arguments pertaining to abatement and the appraisal process similar to those made by the Brohlins in their Response. (*See* ECF 31); *Tarantino Props. Co.*, 2019 U.S. Dist. LEXIS 74922 at *4. Judge Rosenthal candidly addressed the plaintiff's arguments in *Tarantino* and wrote the following:

> The plain text of the pertinent Code sections forecloses Tarantino's arguments. Section 542A.007(d) conditions attorney's fees solely on whether the plaintiff timely gave the defendant presuit notice under § 542A.003(b)(2), which Tarantino concedes it failed to do. There are no equitable exceptions to this requirement. Nor is there an exception based on an abatement that automatically goes into effect *after* the suit was filed, an exception which would undermine the presuit

---

*Co.*, 2023 WL 6049519, at *1, *3 (S.D. Tex. Sep. 15, 2023) ("Defendant filed its Answer on July 7, 2023. Defendant pleaded [in its answer] that plaintiff did not provide adequate presuit notice… Plaintiffs will not be awarded attorney's fees incurred in this action starting on July 7, 2023.") (internal citations omitted); *Gilbane Bldg. Co., Inc. v. Swiss Re Corp. Sols. Elite Ins. Co.*, 2023 WL 2021014, at *1, *3 (S.D. Tex. Feb 15, 2023) ("Defendants filed their answers on August 22, 2022, pleading that Plaintiff had failed to send them required presuit notice. Defendants filed their Motion to Preclude Attorney's Fees on September 16, 2022…Plaintiff will not be awarded attorney's fees incurred in this action starting on August 22, 2022") (internal citations omitted); *Douglas v. Landmark Am. Ins. Co.*, 2023 WL 3089976, at *2–3 (W.D. Tex. Feb. 2, 2023) ("It's undisputed that Landmark pleaded in its state court answer on July 22, 2022—before the case was removed—that it didn't receive notice…Landmark has proved it did not receive presuit notice…"); *Hlavinka Equip Co. v. Nationwide Agribusiness Ins. Co.*, 546 F.Supp.3d 534, 536 (S.D. Tex. 2021) ("Defendant successfully pled and proved it was entitled to pre-suit notice in its Original Answer…this Court cannot award Plaintiff attorney's fees incurred after January 14, 2021, the date on which Defendant filed its pleading [original answer] asserting that it was entitled to but not given presuit notice").

> notice required by § 542A.003 and incentivized by the loss of attorney's fees under § 542A.007(d).

*Tarantino Props. Co.*, 2019 U.S. Dist. LEXIS 74922 at *4.

In short, like Judge Rosenthal pointed out in *Tarantino*, none of the arguments the Brohlins raise in their Response are relevant to the Court's analysis. *See id.* The only inquiry the Court must make here is whether the Brohlins provided presuit notice, and if they did not, whether one of the exceptions contained in Chapter 542A excusing presuit notice applies. The Brohlins did not give presuit notice, and neither exception applies. Accordingly, the Court cannot award the Brohlins their attorney's fees after the date Meridian filed its pleading asserting its presuit notice defense—August 19, 2022. (*See* ECF 1-2).

## IV.   CONCLUSION

Based on the foregoing, the Court will not and cannot award the Brohlins their attorney's fees. The Brohlins were required to provide Meridian presuit notice pursuant to Chapter 542A before filing this lawsuit. They did not. Therefore, the Brohlins cannot recover their attorney's fees after August 19, 2022, when Meridian pleaded and proved it was not given presuit notice. It is therefore ORDERED that Plaintiffs' claims for attorney's fees after August 19, 2022, are DENIED.

IT IS SO ORDERED.

ENTERED November 6, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE